PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:   (650) 752-1800

Counsel for Plaintiff
FINJAN, INC.

EDWARD G. POPLAWSKI (State Bar No. 113590) epoplawski@wsgr.com
OLIVIA M. KIM (State Bar No. 228382)
okim@wsgr.com
PAUL M. MCADAMS (State Bar No. 276697)
pmcadams@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
633 West Fifth Street, 15th Floor
Los Angeles, CA 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

Counsel for Defendant
BLUE COAT SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLUE COAT SYSTEMS, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 13-cv-03999-EMC<br><br>**STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

**Purpose**

1. This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**Cooperation**

2. The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**Modifications**

3. This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**Liaison**

4. The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**Preservation**

5. The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

1

a) Each party will preserve all ESI that is relevant to the claims and defenses in this litigation that was created or received on or after August 28, 2007;

b) Each party will preserve, regardless of date, all ESI concerning the Patents-in-Suit, any products or services related to the conception or reduction to practice of or covered by the Patents-in-Suit, any products or services accused of infringement in this action and any information specifically regarding the other party;

c) For the purposes of this litigation, ESI from the following data sources will be considered not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B), and will be preserved but not searched, reviewed, or produced:  (i) backup tapes intended for disaster-recovery purposes that are not indexed, organized, or susceptible to electronic searching and (ii) deleted data remaining in fragmented form that requires some type of forensic inspection to restore and retrieve it.  If a producing party contends that responsive ESI from any sources other than (i)-(ii) above is not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), that Party shall timely identify such ESI with reasonably particularity and shall provide the receiving party with the basis for declining to produce such ESI.  The parties shall negotiate in good faith regarding the production of any such ESI.

d) For the purposes of this litigation, ESI from the following data sources will be considered not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and the parties agree not to preserve the following:  (i) backup tapes and media created before August 28, 2007; (ii) recorded voice messages; (iii) instant messaging communications; (iv) temporary data stored in a computer's random access memory (RAM), or other ephemeral data that are difficult to preserve without disabling the operating system; (v) on-line access data such as temporary Internet files, history, cache, cookies, and the like; (vi) electronic mail or

pin-to-pin messages sent to or from mobile devices, provided that a copy of such mail is routinely saved elsewhere; (vii) other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere; (viii) logs of calls made from mobile devices; (ix) server, system or network logs; (x) electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

**Production Format**

6. Documents will be produced in single-page TIFF format with full-text extraction and Concordance load files. If there is no extractable text, the producing party shall perform Optical Character Recognition ("OCR") on the document and provide the associated text file. All text files should be produced as document level text files with a path to the text file included in the Concordance load file; extracted text/OCR should not be embedded in the load file itself. If it is impracticable to produce a document in TIFF format, the producing party has the option of producing such document in native format. To the extent a receiving party identifies Excel files or other files from the TIFF production set for which data manipulation or analysis may be necessary, the parties agree to meet and confer in good faith to coordinate possible supplemental production of the native version of those files. (Joint Case Management Statement (Dkt. No. 44), ¶8(c)).

**Emails**

7. The parties, including their respective e-discovery liaisons, agree to meet and confer by January 31, 2014 to discuss email discovery, including discussion of the electronic systems that each party has in place that contain potentially responsive emails, as well as the potential methods by which responsive emails can be retrieved from those systems.

3

**Metadata**

8. Fields showing the date and time that emails were sent and received, the author and the complete distribution list, shall be included in the production.

**Privilege and Lack of Waiver**

9. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12. Neither party will produce nor list on any privilege log any item protected by any privilege, immunity, or protection that occurred or was/is created on or after the filing date of this litigation. (Joint Case Management Statement (Dkt. No. 44), ¶8(d)).

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: January 10, 2014

By: */s/ Paul Andre*
Paul Andre (State Bar. No. 196585)
Lisa Kobialka (State Bar No. 191404)
James Hannah (State Bar No. 237978)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

Counsel for Plaintiff
FINJAN, INC.

4

DATED:  January 10, 2014

By: */s/ Olivia Kim*
Edward G. Poplawski (State Bar No. 113590)
epoplawski@wsgr.com
Olivia M. Kim (State Bar No. 228382)
okim@wsgr.com
Paul M. McAdams (State Bar No. 276697)
pmcadams@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, 15th Floor
Los Angeles, CA 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

Counsel for Defendant
BLUE COAT SYSTEMS, INC.

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

By: */s/   Paul Andre*
Paul Andre

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:

UNITED STATES DISTRICT JUDGE

5

STIPULATED ORDER REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION          Case No.: 13-cv-03999-EMC