UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>              Plaintiff,<br>    v.<br><br>BLUE COAT SYSTEMS, INC., a Delaware Corporation,<br><br>              Defendant. | Case No. 5:13-cv-03999-BLF<br><br>**ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**(Re: Docket No. 87-3)** |

To cut to the chase in this dispute over the scope and pace of Defendant Bluecoat Systems, Inc.'s document production in this patent infringement case, the court will dispense with a lengthy recitation of the background and standards. Instead the court will merely note that Plaintiff Finjan, Inc. has served various requests for both technical documents and damages documents. For both broad categories, Finjan wants email from eight custodians. Finjan also has served interrogatories on damages and seeks damages testimony pursuant to Fed. R. Civ. P. 30(6). Blue Coat has not objected to producing any of the technical discovery requested and has raised only limited issues concerning the documents on damages. What Blue Coat mostly objects to is producing custodial email from archival systems when Finjan is not able to do the same in return. Finjan now moves to compel Blue Coat to produce all responsive documents by a date certain. The court grants the motion but only in part.

1

## I.

Recognizing that even good faith efforts sometimes fail to yield agreements on discovery, Fed. R. Civ. P. 37(a)(1) provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[1] But under Rule 26(b)(2)(iii),

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Document production in this case was well under way even by the time parties appeared for a hearing. But even after a long series of emails, letters, follow-on requests and meetings, Finjan remains unsatisfied. With respect to the technical discovery, Finjan's main beef is that Blue Coat has lagged in filling in certain gaps in its document production and has not committed to a date by which its production will be complete. With respect to the damages discovery, Finjan similarly complains about a lack of certainty as to when it can expect the last of the documents at issue. But here Finjan also confronts a refusal by Blue Coat to produce at any time documents, interrogatory responses or deposition testimony in three particular categories: Blue Coat's foreign sales, the value of Blue Coat as a whole, and Blue Coat's license agreements for which necessary third-parties remained outstanding.

The major disagreement between the parties concerns the details of Blue Coat's obligation to produce email. Each party agreed to identify eight custodians and ten terms per custodian for the other to search. In July and August, Finjan identified its custodians and search terms for each of

---

[1] Fed. R. Civ. P. 26(b)(1).

2

Case No. 5:13-cv-03999-BLF
ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

the custodians.[2] Each custodian is a current or former employee of Blue Coat whom Finjan believes has either knowledge about the accused infringing technologies or knowledge about sales of the accused infringing technologies. Each search term was selected by Finjan to find the most relevant emails of the custodian. Blue Coat has not disputed the relevance of either the custodians or search terms Finjan selected. But when Blue Coat learned that Finjan did not have former employees' emails—except as produced in other litigations—Blue Coat balked at the idea that its custodians should have to turn over any email other than from active systems.

## II.

This matter was referred by the presiding judge pursuant to Civil L.R. 72-1 and the court's June 9, 2014 case management order.[3] This referral is further authorized under 28 U.S.C. § 636(b)(1)(A).

## III.

Reduced to its essence, Rule 26(b)(2)(iii) requires this court to decide: have Blue Coat's discovery responses been fair? Blue Coat's discovery responses so far have largely been fair, but not entirely.

*First*, with respect to the technical documents, at the hearing Blue Coat's counsel made certain representations to both opposing counsel and this court. She represented that, with the exception of one document repository recently discovered, Blue Coat's technical document production was complete. While the court struggles to understand why such a representation could not have been made earlier, the fact is that counsel did eventually make it. Beyond any responsive documents discovered in the one previously unknown repository, this is all Finjan is entitled to.

---

[2] *See* Docket 87-5, ¶ 28, Ex. 27, 28.

[3] *See* Docket Nos. 64, 72.

3
Case No. 5:13-cv-03999-BLF
ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

*Second*, Blue Coat is right that Finjan has identified no legitimate reason why it should be provided discovery on Blue Coat's foreign sales or valuation on the whole.  To be clear, by precluding discovery on foreign sales, the court is relying on the fact that Blue Coat cannot be held liable under United States patent law for extraterritorial activity.[4]  As for Blue Coat's valuation as a whole, the Federal Circuit has now made it clear that such evidence is inadmissible.[5]  While "relevant information need be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible information,"[6] Finjan has not offered much beyond speculation as to how or why this would be the case here.[7]  And as for Blue Coat's license agreements that require third-party consent for production, Blue Coat might reasonably be required to at least tell Finjan what the agreements are and the status of its efforts to secure consent.  But beyond that, Blue Coat's actions have been fair.

Where Blue Coat has been less than fair is with respect to archival email for its eight custodians.  Blue Coat may largely be in the right that it should not have to dig through legacy systems when Finjan is unable to the same for its custodians.  But one party's discovery shortcomings are rarely enough to justify another's.  And here, at least with respect to documents mentioning Finjan—the one specific category of documents Finjan could identify that it needed from archived email—Finjan's request is reasonable.

---

[4] An exception might be Section 271(f), which imposes liability for the unauthorized supply of "components" of a patented invention for "combination" abroad.  *See generally Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437 (2007).  But neither party has suggested that Section 271(f) applies here.

[5] *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011).

[6] Fed. R. Civ. P. 26(b)(1).

[7] Of course, if there are documents that discussed both Blue Coat's value as a whole and the value of the instrumentalities and especially the features at issue, those would remain fair game.

4
Case No. 5:13-cv-03999-BLF
ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

*Finally*, as to both damages discovery and email, Finjan was entitled to know when things would be done. This would have been no more a burden to Blue Coat than the representation Blue Coat freely gave at the hearing regarding technical documents.

### IV.

No later than seven days from this order, Blue Coat shall identify all license agreements whose production is awaiting third-party consent and the status of its efforts to secure that consent. No later than 21 days from this order, Blue Coat shall produce all archival email from its eight designated custodians that mention Finjan and supplement Interrogatories 5 and 6. All other relief requested is denied.

**SO ORDERED.**

Dated: October 17, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge