1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN, INC., | Case No.  13-cv-03999-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A SECOND AMENDED ANSWER** |
| BLUE COAT SYSTEMS, INC., | |
| Defendant. | [Re:  ECF 101] |

Before the Court is the Motion for Leave to File a Second Amended Answer by defendant Blue Coat Systems, Inc. ("Defendant"), which plaintiff Finjan, Inc. ("Plaintiff") opposes.  Def.'s Mot., ECF 101; Pl.'s Opp., ECF 105.  Having carefully considered the parties' respective written contentions, the Court finds this matter appropriate for submission without oral argument and hereby VACATES the motion hearing scheduled for January 29, 2015.  Civ. L.R. 7-1(b).  For the reasons stated herein, Defendant's Motion for Leave to File a Second Amended Answer is GRANTED.

On August 28, 2013, Plaintiff filed the instant lawsuit, alleging that Defendant's products—suites of anti-malware hardware, software, and services—infringe six Finjan patents. *See* Compl., ECF 1.  Defendant answered on October 24, 2013 and filed an amended Answer on November 26, 2013.  ECF 20, 34.  Pursuant to the Court-ordered schedule, the last day to amend the pleadings without leave of court was January 31, 2014.  *See* Amended Minute Entry, ECF 46.

Defendant licenses certain technology used in some of the accused products in this case from third party McAfee, Inc. ("McAfee").  Def.'s Mot. 1.  McAfee is an affiliate of Intel, Corp. ("Intel").  *Id.*  Defendant claims that "[a]lthough [it] was known that McAfee had settled with Finjan in a previous litigation and obtained a license, the specific terms of the settlement license

1   were not known until recently when Finjan produced its settlement license agreement with

2   McAfee/Intel on July 25, 2014." *Id.* Based on the July 25, 2014 production of Plaintiff's

3   settlement license agreement with McAfee/Intel and what the agreement discloses of the covered

4   products, Defendant filed the present motion on September 22, 2014, seeking leave to amend its

5   Answer to include an affirmative defense of implied license/patent exhaustion. *Id.* at 1-2.

6          Plaintiff opposes the motion, contending that Defendant neglected to address the Federal

7   Rule of Civil Procedure 16 "good cause" standard required to amend the pleadings at this point in

8   litigation. Pl.'s Opp. 1. Further, Plaintiff argues that even if Defendant establishes good cause

9   under Rule 16, the Rule 15 factors for amendment "weigh heavily against amendment." *Id.*

10          Where the deadline for amending pleadings set by a court's scheduling order has passed, a

11   request for leave to amend must first be evaluated under the "good cause" standard of Federal

12   Rule of Civil Procedure 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08

13   (9th Cir. 1991). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

14   seeking the amendment." *Id.* at 609. The moving party must demonstrate that it could not have

15   met the deadline set in the scheduling order despite its diligence, and that it was diligent in seeking

16   to modify the deadline once it became apparent that it could not comply. *Id.*; *see also Jackson v.*

17   *Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). "If the moving party was not diligent, the

18   inquiry should end." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009)

19   (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)).

20          Despite Plaintiff's assertions to the contrary, the Court finds that Defendant has established

21   "good cause" under Rule 16 to seek leave to amend after the deadline set in the Court's scheduling

22   order. Although Defendant knew that Plaintiff had licensed certain patents to McAfee and Intel

23   through settlement in a previous litigation, it did not know the specific terms, the breadth, or what

24   McAfee/Intel products were covered by the settlement—which was confidential—until Plaintiff

25   produced the agreement on July 25, 2014. Def.'s Mot. 1-2, 4. Moreover, the public disclosures

26   concerning the settlement that Plaintiff attached to its opposition do not specifically identify

27   McAfee/Intel as the counterparty, nor do they undercut Defendant's assertion that it could not

28   know that the confidential settlement provided licenses for *all* Intel products, including those of its

United States District Court
Northern District of California

United States District Court
Northern District of California

1    affiliate McAfee, until Plaintiff produced the agreement in discovery in this case.  *Id.*; Def.'s

2    Reply 4.  Thus, despite diligent discovery, Defendant could not have uncovered the facts

3    underlying its proposed implied license/patent exhaustion defense before the January 31, 2014

4    deadline for amending pleadings set by the Court.  Upon receiving the Finjan/Intel agreement in

5    discovery, Defendant promptly approached Plaintiff asking for consent to amend Defendant's

6    Answer.  Def.'s Mot. 3.  Not until September 15, 2014 did Plaintiff's counsel indicate that it

7    would oppose Defendant's motion.  *Id.* at 4.  One week later (on September 22, 2014), Defendant

8    filed its motion seeking leave to amend.  As such, Defendant has demonstrated diligence and

9    accordingly established good cause under Rule 16 to consider its request to amend.[1]

10         Once the movant satisfies its burden to establish good cause under Rule 16(b), the Court

11   will then consider the permissibility of amendment under Rule 15.  *Johnson*, 975 F.2d at 608

12   (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).  In the Ninth Circuit, Rule 15 is

13   applied with "extreme liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712

14   (9th Cir. 2001) (citation omitted).  When considering whether to grant leave to amend under Rule

15   15, a district court considers the presence of any of four factors including: (1) bad faith; (2) undue

16   delay; (3) prejudice to the opposing party; and (4) futility.  *Id.*; *Griggs v. Pace Am. Grp., Inc.*, 170

17   F.3d 877, 880 (9th Cir. 1999) (noting "this determination should be performed with all inferences

18   in favor of granting the motion"); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  Undue

19   delay on its own does not justify denial of a motion for leave to amend.  *See, e.g.*, *Bowles v.*

20   *Reade*, 198 F.3d 752, 758–59 (9th Cir. 1999).  However, if undue delay would prejudice a

22   _____

23   [1] Defendant's motion did not state the proper standard under Rule 16; however, its Reply Brief
cures this deficiency by clearly articulating "good cause."  Def.'s Reply 2, ECF 113.

24   Both parties also spend an inordinate amount of briefing debating whether Defendant is taking a
position with regard to amendment that is inconsistent with the arguments it made before
25   Magistrate Judge Grewal in opposing Plaintiff's motion for leave to amend its infringement
contentions.  Pl.'s Opp. 3-4; Def.'s Reply 3-5.  The Court merely observes that Magistrate Judge
26   Grewal, who ruled on Plaintiff's motion for leave to amend infringement contentions shortly after
the conclusion of briefing on the present motion, focused his diligence analysis on whether the
27   newly discovered information underlying the proposed amendments was publicly available in
some other form at an earlier time.  *See* Order Granting-in-Part Mot. for Leave to Amend
28   Infringement Contentions, ECF 116.  The Court's analysis here focuses on the same.

United States District Court
Northern District of California

defendant, denial of a motion for leave to amend may be justified. *See id.* In the absence of prejudice or other negative factors, the party opposing the motion to amend has the burden of showing why amendment should not be granted. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Plaintiff argues that each of the four *Foman* factors advocates against permitting the requested amendment. First, Plaintiff asserts that Defendant unduly delayed in moving to amend because Defendant had knowledge of the Intel/McAfee license and its terms long before seeking this amendment. Pl.'s Opp. 8-9. As discussed above, the Court disagrees and finds that Defendant acted diligently in investigating and seeking amendment. Second, Plaintiff argues that Defendant's omission of analysis under Rule 16 demonstrates bad faith. Pl.'s Opp. 9. Defendant remedied any Rule 16 defects in its reply. Def.'s Reply 2. Third, Plaintiff asserts that the proposed amendment is futile because the allegations of infringement in this action are directed toward Defendant's technology and not McAfee's technology. Pl.'s Opp. 9. Defendant, however, makes it very clear that several of the accused products in this lawsuit employ third-party anti-virus scanners, including those manufactured by McAfee. Def.'s Reply 6. On the face of the pleadings, the Court therefore cannot determine that Defendant's proposed defense would be completely futile. Lastly, Plaintiff asserts that it would be prejudiced by amendment due to the advanced stage of discovery in this case. Pl.'s Opp. 9-10. Defendant indicates that it has already produced information concerning the accused products that incorporate McAfee technology, as well as its own licensing agreement with McAfee and, as such, Plaintiff would not be significantly prejudiced by inclusion of this defense. Def.'s Reply 6. Thus, it appears that further discovery into Defendant's proposed defense, if any, would be minimal, and any potential prejudice could be rectified by a brief extension of the deadline for fact discovery.

As such, the Court does not find that the *Foman* factors weigh strongly against allowing Defendant to assert its proposed implied license/patent exhaustion defense. Defendant's Motion for Leave to File a Second Amended Answer is therefore GRANTED.

**IV.   ORDER**

For the foregoing reasons, Defendant's Motion for Leave to File a Second Amended

4

Answer is GRANTED.  Defendant shall file its Second Amended Answer into the record **within seven (7) days** of the date of this order.

     **IT IS SO ORDERED.**

Dated: November 20, 2014

_____

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California