UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>BLUE COAT SYSTEMS, INC.,<br><br>   Defendant. | Case No. 13-cv-03999-BLF<br><br>**OMNIBUS ORDER RE SEALING MOTIONS IN CONNECTION WITH MOTIONS FOR SUMMARY JUDGMENT**<br><br>[Re: ECF 173, 175, 185, 187, 193, 195] |

  Before the Court are six administrative motions to file under seal in connection with the parties' respective briefing on summary judgment. ECF 173, 175, 185, 187, 193, 195. Each motion is supported by declarations from the party that designated the material as confidential. For the reasons stated herein, the motions are GRANTED IN PART and DENIED IN PART with leave to propose sealing that is more narrowly tailored to only the sealable material.

**I. LEGAL STANDARD**

  "Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records relating to a dispositive motion—such as the motions for summary judgment in connection with which the present sealing motions were filed—bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. This standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1179 (citing *Foltz*, 331 F.3d at 1136). Compelling reasons for sealing

court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II. DISCUSSION

The parties' respective sealing motions are not narrowly tailored. For example, both parties request that the parties' respective expert reports on infringement/non-infringement be filed entirely under seal. The reason offered in support of this request is that the reports "*contain reference* to highly confidential Blue Coat technical information regarding the nomenclature, functionality, operation, architecture, development, and source code of Blue Coat's products." Decl. of Olivia M. Kim ISO Sealing ¶ 3(c) (emphasis added), ECF 173-1; *see also, e.g.*, Decl. of Paul A. McAdams ISO Sealing ¶ 4(g), ECF 184. Certainly, there is sealable matter in the reports. There is also non-confidential matter, such as each expert's qualifications and general statements about the law, the technological background of this lawsuit, the patents-in-suit, and the accused products. The rules of this District require narrow tailoring to the sealable matter and do not permit wholesale sealing when portions of the document are not otherwise sealable.

Furthermore, for many documents sought to be filed under seal, Blue Coat asserts generically that they contain reference to "highly confidential Blue Coat technical information regarding the nomenclature, functionality, operation, architecture, and source code of Blue Coat's products." *E.g.*, Kim Decl. ¶ 3(b), ECF 173-1. It is not entirely clear why "nomenclature" and generalized descriptions of "functionality" are confidential and sealable. For example, the parties

have not been consistent in redacting references to accused components like "Cookie2" or "DRTR," and mere mention of these components and generalized explanations as to why they do not infringe the patents-in-suit would not be sealable. Nor is it clear why the names of certain documents are so confidential that they must be filed under seal. *See, e.g.*, McAdams Decl. ¶ 4(b) (requesting sealing of portions of Declaration of James Hannah at p. 2, ll. 6, 8; p. 3, ll. 21-22; and p. 7, ll. 7-8). As such, the parties' sealing requests are generally overbroad and, in certain instances, not supported by specific facts establishing compelling reasons for sealing.

## III. ORDER

Based on the foregoing, the parties' respective administrative motions to file under seal are GRANTED IN PART as set forth in the tables below, and those documents or portions thereof shall remain under seal. The motions are DENIED IN PART with respect to any document, exhibit, or portion thereof not addressed in the tables below. Such denial is without prejudice to a renewed request that is appropriately narrowly tailored and supported by specific facts demonstrating compelling reasons for sealing. The parties are encouraged to meet and confer to develop narrowly tailored redactions and shall have leave to file a renewed sealing request **by no later than May 1, 2015**.

### A. Blue Coat's Sealing Motions

#### i. Motion at ECF 173

| Identification of Documents to be Sealed | Entity That Designated the Information As Confidential | Ruling |
|---|---|---|
| Exhibits 1, 2, 4, 6, 7, 10, 11, 14, and 26 to Declaration of Olivia M. Kim in Support of Blue Coat's Motion for Partial Summary Judgment of Non-Infringement and Invalidity. | Blue Coat | GRANTED ONLY with respect to Exhibits 6, 7, 10, 11, and 26 for the reasons stated in the Kim Declaration at ¶¶ 3(d)-(f), (i). ECF 173-1. DENIED as to Exhibits 1, 2, 4, and 14. |
| Exhibit 20 to Declaration of Olivia M. Kim in Support of Blue Coat's Motion for Partial Summary Judgment of Non-Infringement and | Blue Coat | GRANTED. |

3

| Invalidity at pp. 6-7; 12-13; 58-59; and 63-64. | | |

### ii. Motion at ECF 185

| Identification of Documents to be Sealed | Entity That Designated the Information As Confidential | Ruling |
|---|---|---|
| Exhibits A, B, C, E, F, G, and H to Declaration of Olivia M. Kim in Support of Blue Coat's Opposition. | Blue Coat | GRANTED ONLY with respect to Exhibits A (see below), B, C, E, and F.  DENIED as to Exhibits G and H. |
| Exhibits A and D to Declaration of Olivia M. Kim in Support of Blue Coat's Opposition. | Finjan | GRANTED with respect to the portions that Finjan proposes to redact.  *See* Decl. of Kristopher Kastens ¶¶ 3(b)-(c) and Attachments 3-6, ECF 191. |

### B. Finjan's Sealing Motions

#### i. Motion at ECF 175

| Identification of the documents to be sealed | Entity that designated the information to be confidential | Ruling |
|---|---|---|
| Hannah Decl. at Exhibits 5-12, 19-26, 28-31, 33-35, 38-40, 43-44, 46-49, 51-54, 56-60, 62-64, and 67-70. | Blue Coat | GRANTED ONLY with respect to Exhibits 5-11, 22-26, 28, 30-31, 38-40, 44, 46, 48-49, 51-52, 54, 56-60, 62, 64, and 67-70 for the reasons stated in the McAdams Declaration.  ECF 184.  DENIED as to the rest. |
| Hannah Decl. at Exhibit 4. | Blue Coat and Finjan | GRANTED. |

#### ii. Motion at ECF 187

| Identification of the documents to be sealed | Entity that designated the information to be confidential | Ruling |
|---|---|---|
| Declaration of Benu Wells in Support of | Blue Coat | GRANTED for the |

4

| Identification of the documents to be sealed | Entity that designated the information to be confidential | Ruling |
|---|---|---|
| Plaintiff Finjan, Inc.'s Opposition to Defendant Blue Coat Systems, Iinc.'s Motion for Partial Summary Judgment of Non-Infringement and Invalidity ("Wells Decl."), at p. 1, ll. 11, 14, 17; and p. 2, l. 22. | | reasons stated in the Kim Declaration ¶ 4(c). ECF 190. |
| Wells Decl., Exhibits 1-4, 7-11, 13, and 15-19. | Blue Coat | GRANTED ONLY with respect to Exhibits 2-4, 7, 9, 15-19 for the reasons stated in the Kim Declaration. ECF 190. DENIED as to Exhibits 1, 8, 10, 11, 13. |

### iii. Motion at ECF 195

| Identification of the documents to be sealed | Entity that designated the information to be confidential | Ruling |
|---|---|---|
| Kastens Decl., Exhibits 2 and 4-5 | Blue Coat | GRANTED ONLY with respect to Exhibit 2 for the reasons stated in the McAdams Declaration. ECF 197. DENIED as to Exhibits 4-5. |

**IT IS SO ORDERED.**

Dated: April 17, 2015

*[signature]*
BETH LABSON FREEMAN
United States District Judge