EDWARD G. POPLAWSKI (State Bar No. 113590)
epoplawski@wsgr.com
OLIVIA M. KIM (State Bar No. 228382)
okim@wsgr.com
BRIAN LAM (State Bar No. 272624)
blam@wsgr.com
S. FERRELL ALMAN, JR. (State Bar No. 287746)
falman@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone:  (323) 210-2900
Facsimile:   (866) 974-7329

CHRISTOPHER D. MAYS (State Bar No. 266510)
cmays@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone:  (650) 493-9300
Facsimile:   (650) 493-6811

Counsel for Defendant
BLUE COAT SYSTEMS, INC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BLUE COAT SYSTEMS, INC., a Delaware Corporation,<br><br>    Defendant. | CASE NO.: 13-cv-03999-BLF-PSG<br><br>**DECLARATION OF OLIVIA M. KIM IN SUPPORT OF PLAINTIFF FINJAN, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Date:    July 6, 2015<br>Time:   9:00 a.m.<br>Place:  Courtroom 3, 5th Floor<br>Before: Hon. Beth Labson Freeman |

I, Olivia M. Kim, the undersigned, declare as follows:

1. I am an attorney at law, duly licensed to practice before all the courts of the State of California, and I am a partner in the law firm of Wilson Sonsini Goodrich Rosati PC, counsel for Defendant Blue Coat Systems, Inc. ("Blue Coat"). I make this declaration in support of Plaintiff Finjan, Inc.'s ("Finjan") Administrative Motion to File Documents Under Seal (Dkt. 273) pursuant to Civil Local Rules 79-5(d)(1)(A) and 79-5(e).

2. I have reviewed the following documents and confirmed that they contain highly confidential information that Blue Coat has designated as "Highly Confidential – Outside Counsels' Eyes Only – Source Code" and/or "Highly Confidential – Outside Counsels' Eyes Only"; or contain information designated as such by Blue Coat.

| Identification of Documents to be Sealed | Entity That Designated the Information As Confidential |
|---|---|
| Plaintiff Finjan, Inc.'s Opposition to Defendant Blue Coat Systems, Inc.'s *Daubert* Motion ("Finjan's Opposition") (Dkt. 273-4), redacted portions at 7:24-8:2, 8:26-27, 9:17-24, 10:14-15, 10:19-20, and 16:26-17:8. | Blue Coat |
| Exhibit 1 to Declaration of James Hannah in Support of Finjan's Opposition ("Hannah Declaration") (Dkt. 273-7), redacted portions at pp. 61-62, 76, and 80-81. | Blue Coat |
| Exhibit 2 to Hannah Declaration (Dkt. 273-9), redacted portions at 16-17, 26-27, and 31-35. | Blue Coat |
| Exhibit 4 to Hannah Declaration (Dkt. 273-13), redacted portions at 100:8-101:25, 112:1-113:7, 113:9-114:20, 114:22-25, and 119:5-25. | Blue Coat |
| Exhibit 6 to Hannah Declaration (Dkt. 273-17), redacted portions at pp. 26-27 and 37. | Blue Coat |
| Exhibit 7 to Hannah Declaration (Dkt. 273-19), redacted portions at 382:21-25. | Blue Coat |
| Exhibit 10 to Hannah Declaration (Dkt. 273-25), redacted portions at pp. 163 and 503-504. | Blue Coat |

3. As required by Local Rules 7-11, 79-5(d)(1)(A), and 79-5(e), I submit this Declaration in support of Finjan's Motion to Seal to further confirm that these documents, based on current information and belief, contain information that is highly confidential and sealable as follows:

A. Finjan's Opposition (Dkt. 273-4) (redacted portions at 7:24-8:2, 8:26-27, 9:17-24, 10:14-15, 10:19-20, and 16:26-17:8) contains reference to highly confidential, non-public Blue Coat information regarding Blue Coat's corporate information, including finances and product development and operation, which has been designated by Blue Coat as "Highly Confidential – Outside Counsels' Eyes Only." Accordingly, Blue Coat requests that the portions of Finjan's Opposition identified above be redacted from any public version. Attached hereto are corrected unredacted and redacted copies of Finjan's Opposition.

B. Exhibit 1 to Hannah Declaration (Dkt. 273-7) contains excerpts from a damages expert report of Finjan's expert, Dr. Anne Layne-Farrar. Exhibit 1 (redacted portions at pp. 61-62, 76, and 80-81) contains reference to highly confidential, non-public Blue Coat information regarding Blue Coat's corporate information, including finances, licenses, and acquisitions, which has been designated by Blue Coat as "Highly Confidential – Outside Counsels' Eyes Only." In addition, I understand that Exhibit 1 (redacted portions at pp. 78-79) contains reference to highly confidential information designated by Finjan as "Highly Confidential – Outside Counsels' Eyes Only." Accordingly, Blue Coat requests that the portions of Exhibit 1 identified above be redacted from any public version.

C. Exhibit 2 to Hannah Declaration (Dkt. 273-9) contains excerpts from an expert report regarding technology of the patents-in-suit by Finjan's expert, Dr. Nenad Medvidovic. Exhibit 2 (redacted portions at pp. 16-17, 26-27, 31-35) refers to highly confidential Blue Coat information regarding Blue Coat's products and the functionality, operation, architecture, and development thereof, which has been designated by Blue Coat as "Highly Confidential – Outside Counsels' Eyes Only." It also refers to highly confidential Blue Coat information regarding Blue Coat's internal analysis and review of its position in the market, which has been designated by Blue Coat as "Highly Confidential – Outside Counsels' Eyes Only." The

1  same exhibit with the same redacted portions was previously attached as Exhibit 11 to Declaration
2  of Olivia M. Kim in Support of Blue Coat's Motion to Strike Infringement Theories Not Disclosed
3  in Infringement Contentions (Dkt. 215-18) and the Court had granted this Exhibit with the
4  identified redacted portions to be sealed (Dkt. 232).  Accordingly, Blue Coat requests that the
5  portions of Exhibit 2 identified above be redacted from any public version.

6          D.      Exhibit 4 to Hannah Declaration (Dkt. 273-13) contains excerpts from the
7  deposition of Jim Dildine, Blue Coat's Vice President of Finance and Corporate Controller.
8  Exhibit 5 (redacted portions at 100:8-101:25, 112:1-113:7, 113:9-114:20, 114:22-25, and 119:5-
9  25) refers to highly confidential, non-public Blue Coat information regarding Blue Coat's
10 corporate information, including finances, licenses, and acquisitions, which has been designated
11 by Blue Coat as "Highly Confidential – Outside Counsels' Eyes Only."  Accordingly, Blue Coat
12 requests that the portions of Exhibit 2 identified above be redacted from any public version.
13 Attached hereto are corrected unredacted and redacted copies of Exhibit 4 to Hannah Declaration.

14         E.      Exhibit 6 to Hannah Declaration (Dkt. 273-17) contains excerpts from an
15 expert report of Finjan's infringement expert, Dr. Eric Cole.  Exhibit 6 (redacted portions at pp.
16 26-27 and 37) refers to highly confidential Blue Coat information regarding Blue Coat's products
17 and the functionality, operation, architecture, and development thereof, including reference to
18 portions of Blue Coat's source code, which has been designated by Blue Coat as "Highly
19 Confidential – Outside Counsels' Eyes Only" and/or "Highly Confidential – Outside Counsels'
20 Eyes Only – Source Code."  The same exhibit containing the same redacted portions was
21 previously attached as Exhibit 10 to Declaration of Olivia M. Kim in Support of Blue Coat's
22 Motion to Strike Infringement Theories Not Disclosed in Infringement Contentions (Dkt. 215-18)
23 and the Court had granted this Exhibit with the identified redacted portions to be sealed (Dkt.
24 232). Accordingly, Blue Coat requests that the portions of Exhibit 6 identified above be redacted
25 from any public version.

26         F.      Exhibit 7 to Hannah Declaration (Dkt. 273-19) contains excerpts from the
27 deposition of Finjan's expert, Dr. Nenad Medvidovic.  Exhibit 7 (redacted portions at 328:21-25)
28 refers to highly confidential Blue Coat information regarding Blue Coat's products and the

functionality, operation, architecture, and development thereof, including reference to portions of Blue Coat's source code, which has been designated by Blue Coat as "Highly Confidential – Outside Counsels' Eyes Only" and/or "Highly Confidential – Outside Counsels' Eyes Only – Source Code." Accordingly, Blue Coat requests that the portions of Exhibit 7 identified above be redacted from any public version. Attached hereto are corrected unredacted and redacted copies of Exhibit 7 to Hannah Declaration.

G. Exhibit 10 to Hannah Declaration (Dkt. 273-25) contains excerpts from an expert report of Finjan's infringement expert, Dr. Michael Mitzenmacher. Exhibit 10 (redacted portions at pp. 163 and 503-504) refers to highly confidential Blue Coat information regarding Blue Coat's products and the functionality, operation, architecture, and development thereof, including reference to portions of Blue Coat's source code, which has been designated by Blue Coat as "Highly Confidential – Outside Counsels' Eyes Only" and/or "Highly Confidential – Outside Counsels' Eyes Only – Source Code." The same exhibit containing the same redacted portions was previously attached as Exhibit 9 to Declaration of Olivia M. Kim in Support of Blue Coat's Motion to Strike Infringement Theories Not Disclosed in Infringement Contentions (Dkt. 215-18) and the Court had granted this Exhibit with the identified redacted portions to be sealed (Dkt. 232). Accordingly, Blue Coat requests that the portions of Exhibit 10 identified above be redacted from any public version.

4. Blue Coat has invested significant financial resources in the development of its products. Blue Coat treats the information identified above as highly confidential within its own business, and it is provided with a high level of protection and security within Blue Coat. Blue Coat products provide security for its customers' computer networks, and disclosure of confidential technical information about its products could lead to irreparable harm to its customers' technical infrastructure. Should this information be publicly disclosed, Blue Coat would also suffer both competitive and economic harm.

5. The requested relief is necessarily and narrowly tailored to protect the confidentiality of the information contained in the above-referenced documents.

1   I declare under penalty of perjury of the laws of the State of California and the United States that each of the above statements is true and correct. Executed on June 15, 2015, in Los Angeles, California.

/s/ Olivia M. Kim
Olivia M. Kim