UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br>   Plaintiff,<br>  v.<br>BLUE COAT SYSTEMS, INC.,<br>   Defendant. | Case No. 13-cv-03999-BLF<br><br>**OMNIBUS ORDER ON SEALING MOTIONS IN CONNECTION WITH *DAUBERT* MOTIONS**<br><br>[Re: ECF 244, 249, 268, 273, 291, 296] |

Before the Court are six administrative motions to file under seal in connection with the parties' respective *Daubert* motions.

## I. LEGAL STANDARD

"Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records relating to a dispositive motion bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. While not always the case, *Daubert* motions can be effectively dispositive, especially where a party seeks to entirely exclude an expert from testifying at trial. *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012). Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178-79 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

589, 598 (1978)).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id.* at 1179.

In this District, parties seeking to seal judicial records must furthermore follow Civil L.R. 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material."  Civil L.R. 79-5(b) (emphasis added).  Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party.  *Id.* 79-5(e).

## II. DISCUSSION

The Court has reviewed the parties' sealing motions and the declarations of the designating parties submitted in support.  The Court finds that the parties have articulated compelling reasons to seal certain portions of the submitted documents.  While the proposed redactions are, for the most part, narrowly tailored, some are not.  The Court's rulings on the sealing requests are set forth in the tables below.

### A. Defendant's Motions

#### i. ECF 244

| Identification of Documents to be Sealed | Entity That Designated the Information As Confidential | Court's Order |
|---|---|---|
| Defendant Blue Coat Systems, Inc.'s *Daubert* Motion ("Blue Coat's *Daubert* Motion"), redacted at 9:5-14, 13:26-28 and 16:28-17:3. | Blue Coat | GRANTED |
| Ex. 1 to Declaration of Olivia M. Kim in Support of Defendant Blue Coat Systems, Inc.'s *Daubert* Motion ("Kim Declaration"), redacted at 16:16, 16:19, 17:3, 17:7-8, 18:1-6, 20:1-8, 27:8-11, 38:13-21, 40:1-5, 40:13-16, 41:1-21, 42:12-18, 43:17-21, 44:1-2, 45:8-18, 45:23-26, 46:4-8, 46:15-20, 47:1-2, 55:10-12, 61:14-19, 62:4-9, 62:13-18, 64:15-16, 76:3-7, 80:7-18, and 81:3-5. | Blue Coat | GRANTED |
| Ex. 1 to Kim Declaration, redacted at 2:24, 3:1-3, 3:6-7, 6:5-6, 6:11-18, 7:2-13, 7:16-18, 10:4-8, 11:2-4, 11:7-8, 28:11-12, 28:19-24, 29:1-18, 29:23-24, 30:1-19, 30:22, 30:25-27, 31:1-20, 31:24-25, 32:1-18, 32:20-21, 32:25- | Finjan | GRANTED |

| Identification of Documents to be Sealed | Entity That Designated the Information As Confidential | Court's Order |
|---|---|---|
| 28, 33:1-28, 34:1-24, 35:1-23, 36:1-21, 37:1-22, 37:24-26, 38:1-9, 38:24-26, 50:10-11, 51:1-4, 51:6-7, 54:4-21, 54:27, 57:1-14, 57:16, 58:11-14, 59:1, 59:3-11, 59:23, 60:8-22, 61:1-2, 65:10-13, 78:19-22, 79:3-8, 79:12-13, and 79:17-18. | | |
| Ex. 2 to Kim Declaration, in its entirety. | Blue Coat | GRANTED |
| Ex. 5 to Kim Declaration, in its entirety. | Blue Coat | GRANTED |
| Ex. 6 to Kim Declaration, redacted at 16-17, 26-27, 31-35. | Blue Coat | GRANTED |
| Ex. 7 to Kim Declaration, redacted at 382:23-383:6. | Blue Coat | GRANTED |
| Ex. 8 to Kim Declaration, redacted at pp. 25-30, 35-37, 39--267, 270-271, 273, 275, 280-284, 287, 289-290, 295-303, 305-306, 308-312, 315, 317-318, 320-325, 330-334, 336-338, 342, 344-345, 349-354, 357, 363-364, 370-376, 378-385, 387-390, 394-395, 402-403, 406-414, 418-419, 421-423, 428-432, 438, 440-441, 443-451, 458-459, 465-473, 475, 479, 482-483, 485-493, and App. B at pp. 9-19. | Blue Coat | GRANTED |
| Ex. 9 to Kim Declaration, redacted at pp. 22-23, 25, 26, 29-48, 51-55, 57-62, 64-69, 71-88, 90-100, 102-107, 112-121, 124-142, 144-154, 156-161, 163-172, 176-182, 186-191, 194-197, 200-201, 203-239, 247-282, 284-287, 291-295, 299-303, 305-310, 312-320, 324-339, 343-360, 364-418, 422-428, 431-434, 438-442, 444-449, 454-475, 479-505, 507-512, 515-518, 520-542, 544-548, 552-587, 591-597, 603-618, 620-625, 627-682, 686-697, 701-719, and App. B at pp. 7-17. | Blue Coat | GRANTED |

**ii.   ECF 268**

| Identification of Documents to be Sealed | Entity That Designated the Information As Confidential | Court's Order |
|---|---|---|
| Defendant Blue Coat Systems, Inc.'s Opposition to Plaintiff Finjan, Inc.'s *Daubert* Motion ("Blue Coat's *Daubert* Opposition"), redacted portions at 10:1-4, 10:6-10, 10:12-16, 10:18-23, 10:25-11:6, and 11:10-14. | Blue Coat | GRANTED |
| Blue Coat's *Daubert* Opposition, redacted portions at 14:23-15:2, 15:5-8, 15:10-17, and 15:19-20. | Finjan | GRANTED |

| Ex. B to Declaration of Olivia M. Kim in Support of Blue Coat's *Daubert* Opposition ("Kim Declaration"), redacted portions at pp. 43, 80, 97, and 162. | Blue Coat | GRANTED |
|---|---|---|
| Ex. C to Kim Declaration, redacted portions at pp. 28, 45, and 46. | Blue Coat | GRANTED |
| Ex. D to Kim Declaration, ~~in its entirety.~~ redacted portions at 216:2-13, 217:7-220:13, 221:4-222:20, as set forth at | Finjan | GRANTED as to version at ECF 280. |
| Ex. E to Kim Declaration, redacted portions at 1:10-18 and 1:24-28. | Blue Coat | GRANTED |

### iii. ECF 291

| Identification of Documents to be Sealed | Entity That Designated the Information As Confidential | Court's Order |
|---|---|---|
| Exhibit 11 to Supplemental Declaration of Olivia M. Kim in Support of Defendant Blue Coat Systems, Inc.'s *Daubert* Motion ("Kim Declaration"), in its entirety. | Blue Coat | GRANTED |

### B. Plaintiff's Motions

#### i. ECF 249

| Identification of the documents to be sealed | Entity that designated the information to be confidential | Court's Order |
|---|---|---|
| Plaintiff Finjan, Inc.'s Notice of *Daubert* Motion and Motion to Exclude Certain Opinions of Dr. Michael Hicks and Dr. George Necula and to Exclude the Opinions of Ms. Julie Davis ("Finjan's *Daubert* Motion") at ~~p. 9, ll. 3-4; p. 10, ll. 2-6, 25-26; p. 11, ll. 4-5, 9-12, 26; p. 12, ll. 2, 11, 19, 26-27; p. 13, ll. 1-2; p. 14, ll. 7-8, 16-18, 20-22, 24, 26-27; p. 15, ll. 3, 15, 23-24, 26; p. 16, l. 3; p. 17, ll. 14-16, 18-19, 27.~~ 9:3-4, 11:26, 12:2, 12:11, 12:19, and 15:23-24 | Blue Coat | GRANTED as to version at ECF 254. |
| Declaration of James Hannah in Support of Finjan's *Daubert* Motion ("Hannah Decl."), Exhibits 8, 11 in their entirety. | Blue Coat | DENIED because Defendant provided no reasons in support of sealing. |

4

| Hannah Decl., Exhibit 9, redacted portions at Table of Contents, pp. 7-9, 12-48, 50-63, Exhibits 3-6 and Appendices A-D and Appendix F. | Finjan or Blue Coat | GRANTED as to Defendant's proposed redactions at 31-37, 42-45, 51-52, 55, 57, 61-62, Exhibits 3-6, and Appendices A, B, D, F and G.  DENIED as to the remainder, without prejudice to Plaintiff proposing narrowly tailored redactions to protect its confidential licensing information. |
|---|---|---|
| Hannah Decl., Exhibit 10 in its entirety. | Finjan or Blue Coat | GRANTED as to Defendant's proposed redactions at 47:21-48:14, 49:11-21, 74:17-20, and 75:1-4.  DENIED as to the remainder, without prejudice to Plaintiff proposing narrowly tailored redactions to protect its confidential licensing information. |
| Hannah Decl., Exhibit 12, redacted portions at pp. 80, 97 and 162. | Blue Coat | GRANTED |
| Hannah Decl., Exhibit 19 in its entirety. | Finjan | GRANTED as to 220:1-13.  DENIED as to remainder, which discusses Plaintiff's public filings. |
| Hannah Decl., Exhibit 20 redacted portions at pp. 28 and 45. | Blue Coat | GRANTED |

ii.  ECF 273

| Identification of the documents to be sealed | Entity that designated the information to be confidential | Court's Order |
|---|---|---|
| Plaintiff Finjan, Inc.'s Opposition to Defendant Blue Coat Systems, Inc.'s *Daubert* Motion ("Finjan's Opposition"), redacted portions at ~~p. 2:17, 2:19-22, 3:13, 4:19-20, 5:19, 6:8-9, 6:11, 7:13-17, 7:21-24, 8:1-3, 8:9-10, 8:18-20, 8:22, 8:26-27, 9:11, 9:13, 9:15-24, 10:9-17, 10:19-22, 10:26, 11:6-7, 11:11, 11:19-20, 16:26, 17:1-8~~ 7:24-8:2, 8:26-27, 9:17-24, 10:14-15, 10:19-20, and 16:26-17:8 | Blue Coat | GRANTED as to version at ECF 278 |

5

| Identification of the documents to be sealed | Entity that designated the information to be confidential | Court's Order |
|---|---|---|
| Declaration of James Hannah in Support of Finjan's Opposition ("Hannah Decl."), Exhibits 3-5, 7-9, and 32 in their entirety | Blue Coat | DENIED as to Exhibits 3, 5, 8, 9, and 32 because Defendant provided no reasons in support of sealing. GRANTED as to Plaintiff's proposed redactions for Exhibit 4 (redacted portions at 100:8-101:25, 112:1-113:7, 113:9-114:20, 114:22-25, and 119:5-25) and Exhibit 7 (redacted portion at 382:21-25) at ECF 278 |
| Hannah Decl., Exhibit 1 redacted portions on pgs. 61-62, 76, 78-81 | Finjan or Blue Coat | GRANTED |
| Hannah Decl., Exhibit 2 redacted portions on pgs. 16-17, 26-27, 31-35 | Blue Coat | GRANTED |
| Hannah Decl., Exhibit 6 redacted portions on pgs. 26-27, 37 | Blue Coat | GRANTED |
| Hannah Decl., Exhibit 10 redacted portions on pgs. 163, 503-504 | Blue Coat | GRANTED |

### iii. ECF 296

| Identification of the documents to be sealed | Entity that designated the information to be confidential | Court's Order |
|---|---|---|
| Exhibit 3 to the Declaration of James Hannah in Support of Reply Brief in Support of its Motion to Exclude Certain Opinions of Dr. Michael Hicks and Dr. George Necula and to Exclude the Opinions of Ms. Julie Davis ("Hannah Declaration") | Finjan | GRANTED |
| Exhibit 4 to the Hannah Declaration redacted portions at 341:19-24, 342:23-343:3, 343:14-17; and 345:20-346:6. | Blue Coat | GRANTED as to version at ECF 313 |
| Exhibit 5 to the Hannah Declaration at 51, 55, 62, 63 | Blue Coat | GRANTED |
| Exhibit 5 to the Hannah Declaration at 53-54 | Finjan | GRANTED |

## III.   ORDER

For the foregoing reasons, Defendant's sealing motions (ECF 244, 268, 291) are GRANTED.  Plaintiff's sealing motions (ECF 249, 273, 296) are GRANTED IN PART and DENIED IN PART.  For any request that has been denied, Plaintiff shall file the unredacted (or lesser redacted) documents into the public record **by June 29, 2015.**  For any request that has been

denied without prejudice to seeking more narrowly tailored redactions, Plaintiff shall propose any such redactions **by June 29, 2015**.

      **IT IS SO ORDERED.**

Dated: June 23, 2015

_____
BETH LABSON FREEMAN
United States District Judge