EDWARD G. POPLAWSKI (State Bar No. 113590)
epoplawski@wsgr.com
OLIVIA M. KIM (State Bar No. 228382)
okim@wsgr.com
BRIAN LAM (State Bar No. 272624)
blam@wsgr.com
FERRELL ALMAN (State Bar No. 287746)
falman@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone:   (323) 210-2900
Facsimile:   (866) 974-7329

VERA M. ELSON (State Bar No. 156327)
velson@wsgr.com
CHRISTOPHER D. MAYS (State Bar No. 266510)
cmays@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone:   (650) 493-9300
Facsimile:   (650) 493-6811

Counsel for Defendant
BLUE COAT SYSTEMS, INC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BLUE COAT SYSTEMS, INC., a Delaware Corporation,<br><br>    Defendant. | CASE NO.: 13-cv-03999-BLF-PSG<br><br>**DEFENDANT BLUE COAT SYSTEMS, INC.'S MOTION TO EXCLUDE CERTAIN WITNESSES FOR LACHES BENCH TRIAL**<br><br>Date:  September 9, 2015<br>Time:  9 a.m.<br>Place:  Courtroom 3, 5th Floor<br>Before:  Hon. Beth Labson Freeman |

The Court is scheduled to hold a bench trial on the issue of laches on September 9, 2015. Finjan has identified four witnesses it intends to call on this issue: Finjan's CEO Phil Hartstein, Finjan's Vice President of Legal Operations Julie Mar-Spinola, and two of Finjan's experts, Drs. Harry Bims and Nenad Medvidovic. Blue Coat objects to calling Ms. Mar-Spinola and Drs. Bims and Medvidovic.[1] Ms. Mar-Spinola was never disclosed as a witness having any relevant knowledge in this matter, and thus Finjan has waived its right to call her as a witness. Blue Coat objects to Drs. Bims and Medvidovic because neither expert included any opinions or discussion of laches in their expert reports. Any opinion the experts could now give would be either irrelevant, duplicative of their previous testimony, or exceed the scope of their reports. Accordingly, Blue Coat respectfully moves to exclude Ms. Mar-Spinola, Dr. Bims, and Dr. Medvidovic from testifying at the upcoming bench trial.

**1.     Julie Mar-Spinola**

Finjan identified Ms. Mar-Spinola as a witness who will be testifying about "Finjan's litigation practices and history" at the upcoming bench trial on laches. (Ex. 1, 08/31/15 email.) Finjan should be precluded from calling Ms. Mar-Spinola because it failed to disclose her as a witness in either its Rule 26(a) initial disclosures and in the Pre-Trial Order. "Where a party has failed to disclose a witness as required under Rule 26, 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Bookhamer v. Sunbeam Products, Inc.*, No. C-09-6027 EMC DMR, 2012 WL 5269677, at *2 (N.D. Cal. Oct. 23, 2012) (*quoting* FED. R. CIV. P. 37(c)(1)). Substantial justification is analyzed by weighing five factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011). Each factor weighs against substantial justification.

---

[1] Blue Coat has identified Mr. Steven Schoenfeld as its sole live witness at bench trial.

**Factor 1 (surprise).**  Blue Coat was surprised by the disclosure Ms. Mar-Spinola because Finjan never disclosed Ms. Mar-Spinola in its Initial Disclosures (Ex. 2, 12/12/14 Finjan's Supplemental Initial Disclosures at 2-7) or in the Pre-Trial Order (Dkt. No. 293-5).

**Factor 2 (curability).**  Blue Coat cannot cure its surprise.  Because Finjan failed to disclose Ms. Mar-Spinola previously, Blue Coat was denied the chance to conduct discovery into her relevant knowledge.  Moreover, a last minute deposition now would not help cure Blue Coat's surprise.  Ms. Mar-Spinola joined Finjan in February 2014, *after* the start of this litigation.  Because she does not appear to have any percipient knowledge relevant to the laches period, it is not clear what relevant information she possesses.  It would therefore be particularly difficult—if not impossible—to prepare an adequate deposition and cross-examination before trial.

**Factor 3 (disruption of trial).**  Permitting Ms. Mar-Spinola to testify now would disrupt the trial proceedings, because any efforts to cure Blue Coat's surprise would impair Blue Coat's trial preparations.

**Factor 4 (importance).**  Ms. Mar-Spinola will not likely have important testimony on the issue of laches because she began her employment at Finjan *after* the start of this litigation (and after the relevant laches period).  She can therefore provide percipient testimony only beginning in February 2014 which has little importance to the laches issue.  Any testimony she might give pertaining to the laches period would be speculative and inadmissible.  Furthermore, Finjan has disclosed that Mr. Hartstein would testify about the *same* subject matter—"Finjan's litigation practices and history."  (Ex. 1, 08/31/15 email.)

**Factor 5 (reasons for nondisclosure).**  Finjan has no justifiable reason for failing to disclose Ms. Mar-Spinola.  Blue Coat disclosed its laches theory at least as early as November 26, 2013, when Blue Coat filed its First Amended Answer to the Complaint containing its laches theory. (Dkt. 34 at 18.)  Finjan can offer no justifiable reason why it could not have disclosed Ms. Mar-Spinola during discovery.

Accordingly, Finjan's failure to disclose Ms. Mar-Spinola was not substantially justified, and Finjan has improperly designated her as a witness at the bench trial.

### 2. Drs. Bims and Medvidovic

Blue Coat also objects to calling Drs. Bims and Medvidovic at the bench trial. Such testimony would be irrelevant, duplicative, and would exceed the scope of their expert reports. First, neither expert can provide any relevant opinions on the issue of laches. Finjan has stated that both experts will testify about "understanding of relevant technology." (Ex. 1, 08/31/15 email.) Understanding of relevant technology, however, is not relevant to the issues of laches, which include Finjan's delay in filing suit, Finjan's constructive or actual knowledge of Blue Coat's allegedly infringing activities, or Blue Coat's material prejudice.

Second, both experts have already provided their opinions regarding "understanding of relevant technology." Dr. Bims testified regarding general technological applications.[2] Dr. Medvidovic testified regarding the technology of the Asserted Patents. Finjan has not identified any new information that either expert could provide during the bench trial that they did not already provide. Accordingly, if the experts are constrained to the subject matter and opinions of these reports (as they should be) any new testimony would likely simply duplicate their previous testimony.

Finally, neither Dr. Bims nor Dr. Medvidovic included any discussion of laches-related issues in their respective reports. For example, neither expert's report discusses or mentions Finjan's delay in filing suit, Finjan's constructive or actual knowledge of Blue Coat's allegedly infringing activities, or Blue Coat's material economic and evidentiary prejudice. Importantly, neither Dr. Bims nor Dr. Medvidovic opined on any issues with regards to what Finjan knew or should have known about Blue Coat's activities based on any technical information. Consequently, any attempt to elicit relevant testimony regarding laches would violate Rule 26 and be inadmissible. *See Atmel Corp. v. Info. Storage Devices, Inc.*, 189 F.R.D. 410, 415 (N.D. Cal. 1999) ("An expert report is to be a detailed and complete statement of the testimony of the expert on direct examination").

For these reasons, Blue Coat respectfully objects to permitting these experts to be called during the bench trial as irrelevant, exceeding the scope of the experts' reports, and duplicative.

---

[2] Notably, Dr. Bims did not review or analyze any documents relating to Blue Coat's products.

| | | |
|---|---|---|
| | | Respectfully submitted, |
| | | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| DATED:  September 3, 2015 | By: | */s/ Olivia M. Kim*<br>EDWARD G. POPLAWSKI<br>OLIVIA M. KIM<br>BRIAN LAM<br>S. FERRELL ALMAN, JR.<br>VERA M. ELSON<br>CHRISTOPHER MAYS |
| | | Counsel for Defendant<br>BLUE COAT SYSTEMS, INC. |