UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BLUE COAT SYSTEMS, INC.,<br><br>　　　　　Defendant. | Case No. 13-cv-03999-BLF<br><br>**ORDER GRANTING DEFENDANT BLUE COAT SYSTEMS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[Re: ECF 463] |

　　　　Before the Court is Defendant Blue Coat Systems, Inc.'s administrative motion to file documents under seal in connection with Defendant's opening brief regarding non-legal jury issues. Defendant seeks to file under seal Exhibits 41-48 to Supplemental Declaration of Olivia M. Kim in Support of Defendant Blue Coat Systems, Inc.'s Opening Brief Regarding Non-Jury Legal Issues ("Kim Supplemental Declaration"), in their entirety. Exhibits 41-48 were designated by Plaintiff as highly confidential. On September 14, 2015 Plaintiff filed a declaration in support of Defendant's motion to file documents under seal.

　　　　"Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records relating to a dispositive motion bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178-79 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may

1  lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without
2  more, compel the court to seal its records." *Id.* at 1179.

3  In this District, parties seeking to seal judicial records must furthermore follow Civil L.R.
4  79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of
5  sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file
6  under seal a document designated confidential by another party, the burden of articulating
7  compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

8  The Court has reviewed Defendant's sealing motion and the declaration of Lisa Kobialka
9  submitted in support. The Court finds that Plaintiff has articulated compelling reasons to seal the
10 submitted documents and that the proposed redactions are narrowly tailored, consistent with the
11 requirements of Civil Local Rule 79-5(d)(1)(C). Accordingly, Defendant's motion to seal is
12 GRANTED.

**IT IS SO ORDERED.**

Dated: October 5, 2015

_____
BETH LABSON FREEMAN
United States District Judge

2