**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BLUE COAT SYSTEMS, INC.,<br><br>　　　　Defendant. | Case No. 13-cv-03999-BLF<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

Plaintiff moves to file under seal portions of its motion for attorney's fees, portions of the declaration of Lisa Kobialka in support of Plaintiff's motion for attorney's fees ("Kobialka declaration"), and the entirety of Exhibit 1 to the Kobialka declaration. ECF 491. Plaintiff argues that the preceding documents contain "highly confidential business and financial information of Plaintiff, including agreements, fees, and expenses and Kramer Levin's billing information, business practices, and other financial information." Pl.'s Mot. 2, ECF 491. According to Plaintiff, it will suffer "substantial prejudice to their business interests if this information is not kept confidential" and Kramer Levin "safeguards this type of business information due to the competitive nature of its business." *Id.*

"Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record bears the burden of overcoming this presumption by articulating "compelling reasons" for sealing. *Id.* The Ninth Circuit has carved out an exception for materials attached to non-dispositive motions, applying the lower "good cause" standard for sealing such documents. *Id.* at 1179-80. Good cause may exist to seal documents that are "privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing." *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *2 (N.D.

1 Cal. Apr. 9, 2013). A party must make a "particularized showing" [of good cause] for each
2 individual document it seeks to seal. *See Kamakana*, 447 F.3d 1172, 1180. "[B]road allegations of
3 harm, unsubstantiated by specific examples or articulated reasoning," are insufficient. *In re High-
4 Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) (*citing Beckman
5 Indus. Inc. v. Int'l Ins. Co.*, 996 F.2d 470, 476 (9th Cir. 1992)). A motion for attorney's fees is a
6 non-dispositive motion and the Court applies the "good cause" standard. *See Muench
7 Photography, Inc. v. Pearson Educ., Inc.*, Case No. 12-cv-01927-WHO, 2013 WL 6698465, at *1
8 (N.D. Cal. Dec. 18, 2013).

The Court finds Plaintiff has not met the "good cause" standard to seal the requested documents. Plaintiff seeks to seal the amount of money that was spent on this litigation, the billing rates for its attorneys and support staff, and the amount of time its attorneys and support staff spent on this case. Courts in this district have previously declined to seal billing records containing billing rates or hours worked on a matter. *See Muench Photography, Inc.*, 2013 WL 6698465 at *1-*2 ("Billing rates for legal services, even discounted ones, are not entitled to be sealed. Time entries on billing records may be redacted in rare instances, but they may not be sealed in a way that hides the amount of time or money spent on a particular task."); *Ferrington v. McAfee, Inc.*, Case No. 10-cv-01455-LHK, 2013 WL 3814474, at *1 (N.D. Cal. July 22, 2013) (declining to seal billing records that included hours worked and billing rates). Moreover, Plaintiff has not sufficiently explained why the disclosure of billing information in this case would cause it substantial prejudice or harm. Accordingly, Plaintiff's motion to file documents under seal is DENIED.

Under Civil Local Rule 79-5(f)(2), the materials in question will not be considered by the Court unless Plaintiff files unredacted versions within seven days after the filing of this order.

**IT IS SO ORDERED.**

Dated: December 9, 2015

BETH LABSON FREEMAN
United States District Judge