EDWARD G. POPLAWSKI (State Bar No. 113590)
epoplawski@wsgr.com
OLIVIA M. KIM (State Bar No. 228382)
okim@wsgr.com
BRIAN LAM (State Bar No. 272624)
blam@wsgr.com
S. FERRELL ALMAN, JR. (State Bar No. 287746)
falman@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone:  (323) 210-2900
Facsimile:   (866) 974-7329

VERA M. ELSON (State Bar No. 156327)
velson@wsgr.com
CHRISTOPHER D. MAYS (State Bar No. 266510)
cmays@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone:   (650) 493-9300
Facsimile:   (650) 493-6811

Counsel for Defendant
BLUE COAT SYSTEMS, INC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>BLUE COAT SYSTEMS, INC., a Delaware Corporation,<br><br>  Defendant. | CASE NO.: 13-cv-03999-BLF-PSG<br><br>**DEFENDANT BLUE COAT SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF FINJAN'S MOTION FOR ATTORNEYS' FEES**<br><br>Date: April 28, 2016<br>Time: 9 a.m.<br>Place: Courtroom 3, 5th Floor<br>Before: Hon. Beth Labson Freeman |

Defendant Blue Coat Systems, Inc. ("Blue Coat") files this Motion to Strike Plaintiff Finjan Inc.'s (Finjan's) Motion For Attorneys' Fees ("Fees Motion") (Dkt. 492) for violating the Court's Standing Order Re Civil Cases ("Standing Order"). Section E.1.b. of the Court's Standing Order requires that: "Absent leave of Court, the page limits for all other types of motions and proceedings . . . shall be 10 pages for the motion or opening brief . . ." Finjan failed to comply with this Standing Order and filed its Fees Motion that is 18 pages long. And Finjan did so without the Court's leave.[1]

Section A of the Standing Order states that: "Failure to comply with any of these rules or orders may be grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions." Further, the courts in this District have frequently struck filings for failing to comply with the Local Rules, including the rules on briefing page limitation. *See, e.g.*, *Beauperthy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111, 1119 (N.D. Cal. 2011); *Hennighan v. Insphere Ins. Solutions, Inc.*, No. 13-cv-638-WHO, 2014 WL 1600034, at *5-6 (Apr. 21, 2014); *Ashley v. City and County of San Francisco*, 12-cv-00045-JST, 2014 WL 4627736, at *14 (N.D. Cal. Feb. 4, 2014).

The language of Rule E.1.b. of this Court's Standing Order is unambiguous. Finjan's Fee Motion should be stricken for non-compliance. To hold otherwise would permit and encourage litigants to game the system by submitting briefs with unapproved additional pages beyond what they are entitled to.

Accordingly, Blue Coat's Motion should be GRANTED, and Finjan's Motion For Attorney's Fees. (Dkt. 492) should be stricken.

---

[1] Although Finjan was aware of the fact that it violated the Standing Order, it did not seek any corrective action. (*See* Dkt. 495 at n.1.) For Blue Coat's post-judgment motions, Blue Coat sought leave to expand page limits, but was partially denied. (Dkt. 497.)

|  |  |
|---|---|
| | Respectfully submitted, |
| | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| DATED:  December 18, 2015 | By:  /s/ Olivia M. Kim <br>EDWARD G. POPLAWSKI<br>OLIVIA M. KIM<br>BRIAN LAM<br>S. FERRELL ALMAN, JR.<br>VERA M. ELSON<br>CHRISTOPHER D. MAYS |
| | Counsel for Defendant<br>BLUE COAT SYSTEMS, INC. |