PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
HANNAH LEE (State Bar No. 253197)
hlee@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:   (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLUE COAT SYSTEMS, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 13-cv-03999-BLF<br><br>**PLAINTIFF FINJAN, INC.'S OPPOSITION TO DEFENDANT BLUE COAT SYSTEMS, INC.'S ADMINISTRATIVE MOTION TO STRIKE FINJAN'S MOTION FOR ATTORNEYS' FEES PURSUANT TO FED. R. CIV. P. 54**<br><br>Date:     April 28, 2016<br>Time:    9:00 a.m.<br>Place:   Courtroom 3, 5th Floor<br>Before: Hon. Beth Labson Freeman |

Plaintiff Finjan Inc.'s ("Finjan") files this Opposition to Defendant Blue Coat Systems, Inc.'s ("Blue Coat") Administrative Motion to Strike (Dkt. No. 501) Finjan's Motion for Attorneys' Fees (Dkt. No. 492).

## I.     INTRODUCTION

Finjan respectfully requests the Court to consider Finjan's Motion for Attorneys' Fees (the "Motion") as if it were properly filed under the Court's Standing Order or, in the alternative, grant Finjan leave to file an amended Motion for Attorneys' Fees within the ten-page limit, as prescribed by the Court's Standing Order. Finjan inadvertently went over the page limit for its Motion and did not recognize its mistake until Blue Coat filed its motion to strike. Had Finjan known the error, Finjan would have engaged with Blue Coat to correct it. Rather than pointing out this mistake to Finjan to reach a reasonable solution, however, Blue Coat filed this administrative motion to strike and simultaneously filed a 25 page opposition brief, which is also beyond the page limit prescribed in the Court's Standing Order (and seven pages longer than Finjan's Motion) without obtaining leave from the Court. Finjan filed its reply within the five-page limit prescribed in the Court's Standing Order.

Because Blue Coat took advantage of Finjan's mistake and filed its 25 page opposition without seeking leave of the Court, Finjan requests that the Court deem Finjan's error harmless and the Motion properly filed. In so doing, the Court and parties can avoid wasting any further resources and advance this case on the merits.

In the alternative, if the Court finds Finjan's inadvertent mistake not harmless, Finjan requests that the Court grant Finjan leave to file an amended motion for attorneys' fees that will be based on the same arguments in Finjan's Motion, but is within the ten-page limit and adjust the case schedule accordingly.

## II.    FACTS

On December 4, 2015, Finjan filed its Motion for Attorneys' Fees pursuant to Fed. R. Civ. P. 54 based on series of Blue Coat's pursuit of bad faith claims. Dkt. No. 491-4. The Motion was 18 pages in length, covering various topics such as why Blue Coat's defenses of obviousness, written discretion and anticipation were frivolous. *Id.* Finjan inadvertently missed the page requirement that

was added to the Court's Standing Order.  Declaration of Lisa Kobialka in Support of Finjan's Opposition to Blue Coat's Administrative Motion to Strike ("Kobialka Decl."), at ¶ 2.

On December 15, 2015, three days before Blue Coat's opposition to Finjan's Motion was due, Blue Coat's counsel emailed Finjan's counsel requesting that Finjan stipulate to extend the page limits for the motions Blue Coat intended to file pursuant to Rules 50 and 52 of the Federal Rules of Civil Procedure.  Kobialka Decl., at ¶ 3, Ex. 1.  Blue Coat, however, was silent about Finjan's over-the-page-limit Motion or its intent to file this motion to strike.  *Id.*  Blue Coat filed a 25 page opposition to Finjan's Motion on December 18, 2015.  Dkt. No. 502.  Concurrently, Blue Coat filed this Motion to Strike Finjan's Motion for Attorneys' Fees.  Dkt. No. 501.  The Court issued an order on December 21, 2015 construing Blue Coat's Motion to Strike as an administrative motion and set the due date for Finjan's response to December 29, 2015.  Dkt. No. 507.

**III.    ARGUMENT**

Finjan's inadvertent error in filing an over-the-page-limit motion is harmless because Blue Coat was able to file its 25-page opposition.  At this time, the most efficient next step, rather than waste resources of the Court and the parties, is to consider Finjan's Motion and Blue Coat's opposition as if they were properly filed under the Court's Standing Order.  Violations of local rules, like the violations alleged here, are subject to a harmless error analysis.  *See United States v. Iron*, 13 F. App'x 630, 634 (9th Cir. 2001) (finding the error of violating the local rules harmless).  Under such a harmless error analysis, the Court may exercise its discretion to consider (or not consider) the consequences of the error if no serious harm resulted from the error.  *Id.*

Here, Blue Coat failed to show any harm or prejudice caused by Finjan's inadvertent error.  *See* Dkt. No. 501.  Blue Coat addressed all the issues in Finjan's Motion with its opposition brief that was 25 pages long, which was 7 pages longer that Finjan's Motion.  Dkt. No. 502.  Finjan filed a 5 page reply in compliance with the Court's current Standing Order in response to Blue Coat's opposition. Thus, there is no harm in considering Finjan's Motion as filed.

Furthermore, the fact that Blue Coat chose not to point out to Finjan about the error and, instead, filed its over-the-page-limit opposition without seeking the leave from the Court and further

2

FINJAN'S OPP. TO ADMIN. MOTION TO STRIKE                                      Case No. 13-cv-03999-BLF
MOTION FOR ATTORNEYS' FEES

1  filed this motion to strike, also shows that any purported harm to Blue Coat was self-inflicted.  Blue
2  Coat's argument in the footnote that Finjan was aware of the error and yet did not seek any corrective
3  action is incorrect.  Dkt. No. 501 at 1, n. 1.  Blue Coat cites its own administrative motion for leave to
4  exceed page limit filed on December 16, 2015 (Dkt. No. 495) in support of this statement, but this Blue
5  Coat's administrative motion became moot within a few hours on the same day when the Court issued
6  the responsive order and Finjan never filed any responsive briefs.  Dkt. No. 497.  Thus, this reference
7  may support, at best, Finjan's inadvertent oversight, but not an intentional attempt to evade the
8  Standing Order, as Blue Coat suggests.

9         The cases that Blue Coat relies upon for the proposition that the Court frequently strikes filings
10 for failing to comply with the Local Rules do not apply here because they all involve intentional
11 attempts to evade the briefing page limits by filing evidentiary objections separate from motion briefs.
12 *See Beauperthuy v. 24 Hour Fitness USA, Inc.,* 772 F. Supp. 2d 1111, 1119 (N.D. Cal. 2011) (striking
13 parties' objections filed separately from motion briefs as attempts to evade the briefing page limits
14 prescribed in Local Rule 7-3.); *Hennighan v. Insphere Ins. Sols., Inc.*, 38 F. Supp. 3d 1083, 1095 (N.D.
15 Cal. 2014) (same); *Ashley v. City and County of San Francisco,* 12-cv-00045-JST, 2014 WL 4627736,
16 at *14 (N.D. Cal. Feb. 4, 2014) (same).  Because Finjan's error at issue here is inadvertent and
17 harmless, Finjan respectfully requests that the Court considers Finjan and Blue Coat's over-the-limit
18 briefs as if filed properly.

19        If the Court finds that Finjan's inadvertent error is not harmless, Finjan requests, in the
20 alternative, that the Court find, pursuant to the Court's Standing Order, good cause to grant Finjan
21 leave to file an amended Motion that is within the page limit based on the same arguments.  Courts
22 routinely allow leave to re-file or amend motion papers that did not comply with local rules due to
23 errors.  *See, e.g., Elwood v. Morin,* 195 F. App'x 586, 588 (9th Cir. 2006) ("The district court did not
24 err in allowing Morin to refile his motion for fees after his initial motion was struck for failure to
25 comply with Local Rule 7-3.  The procedural irregularities described by Elwood do not show that
26 Morin's attorney engaged in any misconduct so as to preclude an award of fees."); *see also Larkin v.*
27 *Home Depot. Inc.,* No. C-13-2868 LB, 2014 WL 5364749, at *3 (N.D. Cal. Oct. 21, 2014) (allowing to
28

refile its motion that complies fully with local rule); *United States v. Filson,* 347 F. App'x 987, 991 (5th Cir. 2009) ("Courts have consistently allowed parties to refile or amend motions and supporting documents as a valid exercise of their discretion in case management."). Courts have also allowed to amend in circumstances where the error is more substantial than the error here. *See Barcia v. Contain-A-Way, Inc.*, No. 07CV938-IEG-JMA, 2008 WL 906045, at *2 (S.D. Cal. Apr. 1, 2008) (citing *Jornigan v. New Mexico Mut. Cas. Co.,* 228 F.R.D. 661, 665 (D.N.M. 2004) (permitting amendment of answer approximately six months later due to attorney error); *see also Johnson v. Cartledge,* No. 8:12-CV-01536-GRA, 2013 WL 2338480, at *2 (D.S.C. May 29, 2013) (permitting re-filing of the motion for summary judgment "in the interest of judicial economy" where doing so would not prejudice the respondent). Striking the Motion in its entirety due to an inadvertent error for this legal issue is drastic and not appropriate given the nature of the error. Good cause exists to grant Finjan leave to re-file its motion to address such an error and is in the interest of judicial economy. If given such leave, Finjan will only present a subset of the present arguments in its Motion to accommodate the page limitations and nothing new will be added to such a filing.

**IV.     CONCLUSION**

For the reasons stated above, Finjan respectfully requests that the Court considers Finjan's Motion for Attorneys' Fees fully as if filed in compliance with the Court's Standing Order. In the alternative, Finjan respectfully requests that the Court grants leave to submit amended Motion for Attorneys' Fees within the ten-page-limit prescribed in the Court's Standing Order.

|   |   |
|---|---|
| | Respectfully submitted, |
| DATED:  December 29, 2015 | By: */s/ Lisa Kobialka*<br>Paul Andre (State Bar. No. 196585)<br>Lisa Kobialka (State Bar No. 191404)<br>James Hannah (State Bar No. 237978)<br>KRAMER LEVIN NAFTALIS & FRANKEL LLP<br>990 Marsh Road<br>Menlo Park, CA  94025<br>Telephone: (650) 752-1700<br>Facsimile: (650) 752-1800<br>pandre@kramerlevin.com<br>lkobialka@kramerlevin.com<br>jhannah@kramerlevin.com<br><br>Attorneys for Plaintiff<br>FINJAN, INC. |