UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BLUE COAT SYSTEMS, INC.,<br><br>    Defendant. | Case No.  13-cv-03999-BLF<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>[Re:  ECF 501] |

In the midst of a post-trial flurry of motions, Defendant Blue Coat has filed a motion to strike Plaintiff Finjan's out-sized motion for attorneys' fees on the grounds that it exceeds the page limits prescribed by this Court in its standing orders.  ECF 501.  Shamelessly, Blue Coat simultaneously filed an even longer and more violative responsive brief without requesting leave of court.  ECF 502.

This Court's Standing Order Re Civil Cases, section E.1.b., requires that certain motions, such as a motion for attorneys' fees, be limited to 10 pages for the opening and responsive briefs and five pages for the reply brief.  Blue Coat does correctly point out that Finjan violated the Court's standing order by filing an 18 page opening brief.  Blue Coat also has violated the Court's Standing Order by filing a 25 page opposition.  The Court is baffled by the parties' seeming inability to recall and comply with the Court's  requirements in light of the fact that on occasion they have sought leave to file longer briefs and at times been reminded by the Court of those limitations. Additionally, having reviewed the nature of the fees motion and the issues presented in support and opposition to the motion, it is clear to the Court that the issues are straightforward and could easily have been persuasively presented within the Court's prescribed page limits.

In response to the motion to strike, Finjan submits that its non-compliance was inadvertent

1  and requests leave to refile a 10 page brief.  Alternatively, Finjan asks the Court to excuse both
2  parties' error in order to "avoid wasting any further resources and advance this case on the
3  merits," Pl. Opp at 1, ECF 511, and to consider the briefs as filed.  Although the Court appreciates
4  Finjan's desire to move the case along efficiently, both parties seem to ignore the additional
5  consideration of the Court's need to efficiently and effectively control its docket.  *Ready Transp.,*
6  *Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that '[d]istrict
7  courts have inherent power to control their docket.'") (quoting *Atchison, Topeka & Santa Fe Ry.*
8  *Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)).

9  Thus, in the interests of judicial economy, the Court will excuse Finjan's inadvertence and
10 allow the 18 page opening brief.  The Court cannot sanction Blue Coat's conduct as generously.
11 The Court finds that Blue Coat's violation of the Court's standing order was not inadvertent; it
12 simultaneously sought to strike Finjan's motion for violating of the Court's Standing Order while
13 also filing a 25 page response, knowing full well that it was flaunting this Court's Orders.  Thus,
14 the Court will *sua sponte* strike Blue Coat's opposition brief and allow it to re-file a brief of no
15 more than 18 pages.  The corrected brief shall be filed no later than January 11, 2016.  No new
16 issues or arguments may be raised.  Finjan's reply is in compliance with the Court's Standing
17 Order and does not require amendment.

18 Further violation of this Court's Standing Orders or the Court's Local Rules will be
19 grounds for monetary sanctions.

20 **IT IS SO ORDERED.**

21 Dated: December 30, 2015

           _____
           BETH LABSON FREEMAN
           United States District Judge