# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br>　　　　Plaintiff,<br><br>　　v.<br><br>BLUE COAT SYSTEMS, INC.,<br>　　　　Defendant. | Case No. 13-cv-03999-BLF<br><br>**ORDER REGARDING JUDGMENT**<br>[Re: ECF 549, 550] |

Pending before the Court is the parties' dispute over whether the post-judgment interest period begins on November 20, 2015, or the date of the corrected judgment. Following a ten-day jury trial, the jury returned a verdict finding that Defendant Blue Coat Systems, Inc. literally infringed four of Plaintiff Finjan, Inc.'s patents involving computer and network security: U.S. Patent Nos. 6,804,780 (the "'780 patent"), 6,154,844 (the "'844 patent"), 7,418,731 (the "'731 patent"), and 6,965,968 (the "'968 patent"). Verdict 2-3, ECF 438. *Id*.

The verdict form instructed the jury that for each asserted claim that it did not find to be literally infringed, to answer whether that claim was infringed under the doctrine of equivalents. *Id*. The jury answered this question for each claim, even those it that it found to be literally infringed. *Id*. at 3. Before the jury was excused, the Court held a side-bar with counsel to discuss the jury's verdict. Transcript 2192:16-2193:8, ECF 441. Counsel expressly waived the opportunity to send the jury back for further deliberations and agreed that the jury could be discharged and that this could be "resolve[d] on post-trial motions." *Id*. at 2192:22-23 (counsel for Blue Coat).

In ruling upon the parties' bench trial issues, the Court found that Blue Coat's "prosecution history estoppel defense with respect to the '844, '968, and '780 patents [wa]s moot" because the jury found that these patents were literally infringed and were instructed not to consider whether

these patents were also infringed under the doctrine of equivalents. Order on Non-Jury Legal Issues 12, ECF 486. On November 20, 2015, the Court, in accordance with the jury's verdict and the Court's order on non-jury legal issues, entered judgment in favor of Finjan. ECF 487.

In its post-judgment motions, Blue Coat sought to amend the judgment to clarify that for any claims that the jury found were literally infringed, the jury's findings as to whether those claims were infringed under the doctrine of equivalents was moot. In essence, to memorialize on the face of the judgment the ruling the Court made in its order on non jury issues which had been incorporated into the November 20, 2015, judgment. Mot. for New Trial 21-22, ECF 499. To be consistent with counsels' agreement at side-bar before dismissing the jury, the Court granted Blue Coat's request to clarify the judgment that infringement under the doctrine of equivalents was moot for the '844, '968, '780 patents. Order Regarding Post-Judgment Motions 22, ECF 543. The corrected judgment filed concurrently with this order reflects that order. Blue Coat now argues that the date for post-judgment interest should begin from the date of the corrected judgment, and not November 20, 2015. ECF 550. Finjan opposes and argues that post-judgment interest began from November 20, 2015. ECF 549.

The Court agrees with Finjan that post-judgment interest commences beginning on the date of the final judgment entered on November 20, 2015. As of that date, damages were meaningfully ascertained and there has been no subsequent modification of the amount of the money judgment stated on November 20, 2015. *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activities*, 518 F.3d 1013, 1017–18 (9th Cir. 2008). The corrected judgment merely reflects the parties' agreed resolution of an apparent inconsistency in the jury verdict that was resolved by counsels' agreement before the Court released the jury and reflected in this Court's order dated November 20, 2015 which was incorporated in the November 20, 2015, Judgment. Transcript 2192:16-2193:8, ECF 441. The standard post-trial motions filed in this case did not result in any modification to the jury's monetary award that is reflected in the November 20, 2015, Judgment. Although these motions tolled the deadline for filing any appeal, the motions did not abrogate the November 20, 2015, Judgment.

This conclusion is further supported by Blue Coat's own actions. First, it expressly

represented to the Court that a corrected judgment would relate back to the November 20, 2015, Judgment.  April 28, 2016 Hearing Transcript 79:6-11, ECF 540.  Second, Blue Coat filed its Notice of Appeal on August 17, 2016, which relates to the November 20, 2015, Judgment, the time for appeal having been tolled during the pendency of post-trial motions.

Thus, this Court concludes that the judgment entered on November 20, 2015, was a final appealable judgment and post-judgment interest commenced on that date.  The Court will issue a separate corrected judgment.[1]

**IT IS SO ORDERED.**

Dated: August 19, 2016

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] The Court notes that Finjan's proposed judgment includes a reference to the Court's order regarding post-judgment motions.  ECF 545-1.  The Court does not find it necessary to reference that order in a judgment and removes this reference.

3